**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Greenbelt Division*

| | |
|---|---|
| ANA C. ESTRADA, | * |
| 12042 Valleywood Drive, | * |
| Silver Spring, MD 20902 | * |
| | * |
|     Plaintiff, | * |
| | * |
| v. | * |
| | * |
| BANK OF AMERICA, N.A. | * |
| 100 North Tryon Street | * |
| Charlotte, NC 28255 | * |
| | * |
|     Serve:  THE CORPORATION TRUST INCORPORATED | * |
|             300 E Lombard Street | * |
|             Baltimore, MD   21202 | * |
| | * |
| BANK OF AMERICA HOME LOANS | * |
| 100 North Tryon Street | * |
| Charlotte, NC 28255 | * |
| | * |
|     Serve:  THE CORPORATION TRUST INCORPORATED | * |
|             300 E Lombard Street | * |
|             Baltimore, MD 21202 | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND**

COMES NOW, Ana C. Estrada (hereinafter "Plaintiff"), by and through her attorneys Jon D. Pels, Esq., Lawrence J. Anderson, Esq., Justin M. Reiner, Esq. and Jennifer Schiffer, Esq. of Pels Anderson, LLC, and Richard Lewis, Esq. and James Pizzurusso, Esq. of Hausfeld, LLP and all others similarly situated, and makes the following Complaint against Defendants Bank of America N.A. and Bank of America Home Loans, and for her Complaint states as set forth below.

1

## PARTIES

1.   Plaintiff is a resident of the State of Maryland, and is the lawful titleholder of 12042 Valleywood Drive, Silver Spring, MD 20902 (hereinafter, the "Property").

2.    Defendant Bank of America, N.A. is a mortgage lender and on information and belief is headquartered in Charlotte, NC. Defendant Bank of America, N.A., on information and belief, is a foreign corporation licensed to do business and doing business in the State of Maryland.

3.    Defendant BAC Home Loans Servicing, LP, on information and belief is a foreign business corporation licensed to do business and doing business in the State of Maryland. Defendants BAC Home Loans Servicing, LP, upon information and belief is a subsidiary of Bank of America, N.A., and is located in Calabasas, CA. Defendants Bank of America, N.A. and BAC Home Loans Servicing, LP are collectively referred to as "Bank of America" or "BAC" and are currently licensed to do business and are doing business in the State of Maryland.

## JURISDICTION AND VENUE

4.     This Action arises out of Defendants violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq*.

5.    Jurisdiction of this Court arises under 28 U.S.C. §1331, Federal Question Jurisdiction, and under the "Class Action Fairness Act," 28 U.S.C. §1332, where the aggregate amount of the class damages will exceed $5,000,000.00.[1]

---

[1]  28 U.S.C. § 1332(d)(2) states that a district court may, in the interests of justice and looking at the totality of circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary Defendants are citizens of the State in which the action was originally filed based on consideration of --

6.     Venue is proper in this District because, under 28 U.S.C. § 1391(b), a substantial part of the events giving rise to claims herein occurred within this District.

**FACTS REGARDING SPECIFIC PLAINTIFF ANA C. ESTRADA**

7.     On or about October 12, 2005, Plaintiff entered into a consumer credit transaction with Countrywide Home Loans, Inc., ("Countrywide") the predecessor of BOA to refinance the purchase money deed of trust on the Property located at 12042 Valleywood Drive, Silver Spring (or Wheaton), MD 20902.

8.     To effectuate the refinance, Plaintiff executed a promissory note as security interest on the Property.

9.     At closing, Plaintiff signed a "Deed of Trust" and Promissory Note, which named Countrywide as Lender, Recontrust Company, N.A., as the Trustee and MERS as Beneficiary.

10.    The Note was for the amount of $225,000.00.

11.    After executing the loan document, Plaintiff began paying her loan payments in full to Countrywide.

12.    On or about February 2, 2010, after attending a seminar on homeownership preservation, Plaintiff met with a housing counselor from the Neighborhood Corporation of America ("NACA") in Baltimore, Maryland to discuss her

---

(A) whether the claims asserted involve matters of national or interstate interest; (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States; (C) whether the class action has been pleaded in a manner that seeks to avoid Federal Jurisdiction; (D) Whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States.  (E) Whether 1 or more class actions asserting the same or similar claims on behalf of the same or other persons have been or may be filed.  28 U.S.C. § 1332(d)(3)(emphasis supplied).

financial problems, reduced income and possibilities for securing a mortgage loan modification from her lender, Bank of America, which had become the servicer on her loan following their acquisition of Countrywide.

13.     To secure assistance from NACA, Plaintiff was required to present financial documentation relative to her income, mortgage and financial obligations. In addition, she was required to become a member of NACA with the membership fee waived.

14.     NACA describes itself in its literature as a "non-profit community advocacy and housing services membership organization."

15.     During the counseling session with NACA, Plaintiff presented documentation relative to her financial hardship, income and mortgage loan for evaluation by NACA.

16.     The NACA representative reviewed the documents and prepared a budget based upon their guidelines and represented knowledge of the Making Home Affordable loan programs recently launched by the federal government in response to the foreclosure crisis.

17.     Plaintiff was advised by NACA that based upon her financials, they would be submitting a loan modification request to Bank of America on her behalf seeking a reduction in her interest rate and monthly payments by close to $500.00 per month, which would bring the mortgage within guidelines of less than 31% of gross income.

18.     That request was submitted by NACA electronically during Plaintiff's session and in her presence.

19.     On or about March, 2010, Plaintiff received notice from NACA that Bank of America was requesting additional information concerning her financials.  She was directed to provide the documentation electronically for submission to Bank of America.

20.     On or about March 1, 2010 and despite the fact that Plaintiff was making timely payments in full for her mortgage and that those payments were being cashed by Bank of America, Bank of America began reporting Ms. Estrada's mortgage loan account as late and began to charge late fees on the account.

21.     In falsely reporting to the various credit bureaus that Ms. Estrada was late on her mortgage payments, Bank of America failed to make any notation or reference   to Ms. Estrada's involvement in a modification program.

22.     On April 30, 2010, Plaintiff was informed via NACA's online case management system that Bank of America had rejected her loan modification request because "we are unable to provide an affordable solution."

23.     Plaintiff contacted NACA concerning the denial of loan modification request as well as the error in Bank of America's reporting her mortgage account as late or unpaid, which was incorrect and false since she had never missed a payment.

24.     A NACA representative advised that Ms. Estrada should not give up on the loan modification and should continue to pursue it by writing to Bank of America, members of Congress and attending an upcoming NACA SAVE THE DREAM event in New Jersey.

25.     Plaintiff contacted a local Bank of America office in Gaithersburg, Maryland seeking assistance with correction of the her payment history on the account which had been falsely characterized as delinquent by Bank of America, and was advised

that Bank of America was aware that she was making timely payments because her loan was being considered for a modification.

26.     In addition, she was told that her payments were being held in another account pending evaluation of loan modification alternatives.

27.     She was assured that her account would be properly credited if her loan modification request was not successful.

28.     On or about May, 2010, Plaintiff began to receive correspondence from her other creditors such as American Express informing her that her accounts were being closed out because of negative reporting on her credit reports.

29.     Upon inspection of her credit report, Plaintiff learned that false information was being reported by Bank of America Home Loans on the subject mortgage loan account.  They were reporting non-payment.

30.     On or about June 14, 2010, Plaintiff faxed a letter to NACA informing them that she was terminating her relationship with them and declaring void any power of attorney or authorization that she had given them upon becoming a NACA member.

31.     On June 15, 2010, Plaintiff once again contacted her local Bank of America branch in Gaithersburg, Maryland to request assistance with correcting the loan account information and informing them that she had terminated her relationship with NACA. She further requested that Bank of America immediately correct her payment history since she had never been late or missed any payments and her loan modification request had been denied, and that Bank of America's practice to incorrectly and falsely report her payment history to the credit bureaus was causing her damage, such as the canceling of her American Express card and a significant reduction to her credit score.

She was informed that there was an error on the part of Bank of America in reporting such false information on her account to the credit bureaus and that Bank of America would act immediately to correct the status of the account.

32.     Bank of America did not and has not corrected the payment history or reporting to the three credit bureaus. They have failed to inform the bureaus that Ms. Estrada has never been late or missed a payment.

33.     As a result of Bank of America's acts and omissions, Plaintiff has suffered severe damage to her credit history.  Before seeking a loan modification, Ms. Estrada had a credit score of over 650.  Now, her credit score is below 600 due to the false negative reporting by Bank of America. Other creditors have closed out her credit accounts.

34.     Most recently, Plaintiff has contacted certain Consumer Reporting Agencies ("CRA") through LandSafe of America, Inc., ("Landsafe") to challenge the incorrect and false information that Bank of America Home Loans has been reporting.

35.     Despite being provided notice of the dispute from a CRA, Bank of America has failed to correct the inaccuracies and false reporting on Ms. Estrada's report.

36.     Further, Bank of America has failed to even note that Ms. Estrada is disputing the information contained on the report, despite having received a minimum of two dispute notifications from a Consumer Reporting Agency, and numerous dispute notifications from Ms. Estrada herself.

37.     Bank of America continues to take the position that Ms. Estrada is in default on her mortgage loan, despite having received full payments in accordance with her note; placing said payments in another account pending the evaluation of her

eligibility for loan modification; and the subsequent denial of a loan modification for Ms. Estrada.

38.     In sum, as of today, Bank of America, despite actual notice on numerous occasions, has not corrected the patently false information on Plaintiff's credit report

## CLASS ACTION ALLEGATIONS

39.   The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth.

40.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Ana C. Estrada brings this action as a class action on behalf of herself and all others similarly situated as members of a proposed class.

41.   This class (hereinafter the "Plaintiff Class") is defined as follows:

> All homeowners who have made mortgage payments, but for whom the Defendants have inaccurately reported to Consumer Reporting Agencies that such payments have not been made; whose reports were disputed by the homeowner; and whose dispute Bank of America failed to reasonably investigate and/or failed to correct with the Consumer Reporting Agencies.

44.     This action may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23.

45. All members of the class have been subject to and affected by the same conduct. Defendants have engaged in a common course of conduct with respect to all investigations the Defendants were required to undertake pursuant to the FCRA.

46. All members of the class have been subject to and affected by Bank of America's uniform failure to comply with the FCRA requirements.

47. Plaintiff is informed and believes and on that basis allege that the Plaintiff Class is so numerous that joinder of the individual claims is impracticable. The precise number of the Plaintiff Class and the identities of the members are ascertainable from the business records of Defendants.

48. Questions of law and fact common to the Plaintiff Class exist and predominate over questions affecting only individual class members. These common legal and factual questions include, but are not limited to:

a.  Whether Bank of America has misrepresented that homeowners have not made payments in order to obtain a loan modification ;

b.  Whether Bank of America has conducted a reasonable investigation into the disputes after receiving notice from a CRA for  the  class members;

c.  Whether Bank of America willfully failed to comply with the requirements of the FCRA;

d.  Whether Bank of America negligently failed to comply with the requirements of the FCRA;

e.  The nature and extent of relief to Plaintiff and the Plaintiff Class, including declaratory judgment, accounting, injunctive relief, restitution, and other remedies to which Plaintiff and the other members of the Plaintiff Class are entitled.

49. Plaintiff's claims are typical of the claims of the Plaintiff Class as the claims arise from the same course of conduct by Bank of America, and

the relief sought is common.

50.   Plaintiff is an adequate representative of the Plaintiff Class because:

(a) her interests do not conflict with the interests of the individual members of the Plaintiff Class she seek to represent; (b) she has retained counsel who are competent and experienced in complex class action litigation; and (c) she intends to prosecute this action vigorously. (d) The interests of the members of the Plaintiff Class will be fairly and adequately protected by Plaintiff and her counsel.

51. The class action device is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the Plaintiff Class. Furthermore, because the economic damages suffered by the individual class members may be relatively modest, albeit significant, compared to the expense and burden of individual litigation, it would be impracticable for members of the Plaintiff Class to seek redress individually for the wrongful conduct alleged herein. There will be no undue difficulty in the management of this litigation as a class action. Plaintiff's and the Plaintiff Class members' common claims can be economically adjudicated only in a class action proceeding, thus promoting judicial efficiency and avoiding multiple trials and inconsistent judgments.

## VIOLATION OF FAIR CREDIT REPORTING ACT
### (15 U.S.C. §1681s-2(b))

52.      The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth.

53.      The Defendants have continuously reported inaccurate and false information relating to the Plaintiff's and class members' credit history to third parties (hereafter the "inaccurate information").

54.     The inaccurate information complained of concerns the payment history of the Plaintiff and class members.

55.     The reporting of inaccurate information harms the Plaintiff and the class members, and their credit repayment histories, their financial responsibilities as a debtor and their credit worthiness.

56.     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

57.     The Plaintiff and class members have disputed the inaccurate information with a CRA as required under the FCRA.

58.     The Plaintiff and class members have disputed the information in writing with a CRA, and have enclosed documents that either proved to the Defendants that their information was inaccurate or provided them with evidence that was supportive of Plaintiff's and the class members' contentions.

59.     Notwithstanding the efforts of the Plaintiff and the class members, Defendants failed to properly investigate the dispute filed with the appropriate CRA, and continue to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors.

60.     Despite Plaintiff and class members efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the inaccurate information about the Plaintiff and the class members.

61.     Plaintiff and class members have been damaged, and continue to be damaged, in the following ways:

      a.      Out of pocket expenses associated with disputing the false information, after notice of its falsity was provided to Defendants;

      b.      Emotional distress and mental anguish caused by the fact that Defendants transmitted false information about Plaintiff to other people and credit institutions ,both known and unknown;

      c.      Decreased credit score which may result in inability to obtain credit on future attempts;

      d.      Decreased credit score resulting in the cancellation of credit already extended and/or a reduction of credit already extended.

62.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

63.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard of the Fair Credit and Reporting Act.

64.     At all times pertinent hereto, Defendants were "persons" as that term is defined by 15 U.S.C. §§ 1681a(b).

65.     At all times pertinent hereto, Plaintiff and class members, provided notice to a "Consumer Reporting Agency" as that term is defined by15 U.S.C. §§ 1681a(f).

66.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

67.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §§ 1681a(d).

68.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendants are liable to the Plaintiff and class members for engaging in the following conduct:

> (a)     willfully and negligently failing to conduct a proper and reasonable investigation with respect to the disputed information in violation of 15 U.S.C. §1681s-2(b);

> (b)     willfully and negligently failing to review and consider all relevant information provided by the consumer reporting agency (that was provided by the Plaintiff and class members), in violation of 15 U.S.C. §1681s-2(b);

> (c)     willfully and negligently failing to modify the item of information provided by the furnisher of information, after receiving notice of the dispute,  in violation of 15 U.S.C. §1681s-2(b);

> (d)     willfully and negligently failing to delete the item of information provided by the furnisher of information, after receiving notice of the dispute,  in violation of 15 U.S.C. §1681s-2(b);

> (e)     willfully and negligently failing to permanently block the reporting of the item of information provided by the furnisher of information, after receiving notice of the dispute,  in violation of 15 U.S.C. §1681s-2(b);

69.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to the Plaintiff and class members that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff and class members for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff and the class demand judgment against Defendants Bank of America N.A. and Bank of America Home Loans, for

[1]     Certify this civil action as a class action with Ana Estrada as the Class Representative and their attorneys Jon D. Pels, Lawrence J Anderson, Justin M. Reiner and Jennifer Schiffer of Pels Anderson, LLC and Richard Lewis and James Pizzurusso of Hausfeld LLP as counsel on behalf of the Class;

[2]     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; 15 U.S.C. § 1681n;

[3]     any actual damages sustained by the consumer as a result of the failure; 15 U.S.C. § 1681o;

[4]     such amount of punitive damages as the court may allow; 15 U.S.C. § 1681n;

[5]     the costs of the action together with reasonable attorney's fees as determined by the court. 15 U.S.C. §§ 1681n and o;

[6]     an order directing that Defendants immediately delete all of the inaccurate information from Plaintiff and class members' credit reports and files and cease reporting false information to any and all entities to whom they report consumer credit information;

[7]     an order directing the Defendants send to all persons and entities to whom they have reported inaccurate information within the last three years Plaintiff's and class members' updated and corrected credit report information; and

[8]     Other relief as the Court may find necessary and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues raised herein triable by jury.

Respectfully submitted,

**PELS, ANDERSON, L.L.C.**

Dated: _____         _____
                              Justin M. Reiner, Esq.
                              jreiner@pallaw.com
                              Jon D. Pels, Esq.
                              jpels@pallaw.com
                              Lawrence J. Anderson, Esq.
                              lja@pallaw.com
                              Jennifer O. Schiffer
                              jschiffer@pallaw.com
                              4833 Rugby Avenue, 4th Floor
                              Bethesda, MD 20814
                              (301) 986-5570 (T)
                              (301) 986-5571 (F)
                              Counsel for the Plaintiffs


                              HAUSFELD LLP


                              _____
                              Richard S. Lewis, Esq.
                              rlewis@hausfeldllp.com
                              James Pizzurusso, Esq.
                              jpizzirusso@hausfeldllp.com
                              1700 K Street, N.W., Suite 650
                              Washington, DC 20006
                              Counsel for the Plaintiffs
                              (202) 540-7200 (T)
                              (202) 540-7201 (F)
                              Counsel for the Plaintiffs